## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## AT BOISE

**ROBERT ALLEN PROGAR**

    **Plaintiff,**

**v.**                                   **CIVIL ACTION NO:** _____

**UNITED STATES OF AMERICA**

    **Defendant.**

## **COMPLAINT**

NOW COMES Plaintiff Robert Allen Progar, by counsel, Michelle R. Points and Points Law, PLLC, R. Dean Hartley, Mark R. Staun and Hartley Law Group, PLLC, and for his Complaint against the United States of America (herein sometimes referred to as "United States") states as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff, Robert Allen Progar, (herein sometimes referred to as "Mr. Progar") is a citizen and resident of the State of Virginia, United States of America.

2.      Defendant United States, through the United States Veterans Health Administration and the United States Department of Veterans Affairs ("hereinafter referred to as VA"), at all times alleged herein is the federal governing body responsible for funding, operating, administering, controlling, supervising, and managing the business and employment affairs, and implementing the healthcare program of the VA available to eligible military veterans. Boise VA Medical Center located in Bosie, Idaho, is one of the many VA Medical Centers operated by the United States of America through the United States Veterans Health Administration and the VA.

3.      The instant action brought against the United States is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*

4.      Prior to filing the instant Complaint, Plaintiff complied with the requirements of the FTCA: On September 2, 2022, Plaintiff presented an administrative claim, by Standard Form 95, to the VA.  In so doing, Plaintiff also provided other materials, including a transmittal letter from Counsel; Letter report of Orthopedic Surgeon Carl A. Hasselman, M.D.; and a Contract of representation executed by Mr. Progar.  The VA received the materials on September 9, 2022.

5.      By letter dated October 3, 2022, the VA through Legal Assistant Stacey Villa, acknowledged Plaintiff's submission.  The applicable six (6) month time period has lapsed and as a result, Plaintiff has complied with the pre-suit requirements enumerated by the FTCA.

6.      Steven E. Roser, M.D. (hereinafter referred to as "Dr. Roser") is a medical doctor specializing in Orthopedic Surgery, licensed to practice medicine in the State of Idaho. Mr. Progar received medical treatment from Dr. Roser at the Boise VA Medical Center in Boise, Idaho which treatment forms the basis of Plaintiff's Complaint.

7.      Dr. Roser is deemed an employee/agent of the United States of America under federal law and as result of the alleged negligence of Dr. Roser, occurring within the course and scope of his employment as an Orthopedic Surgeon at the Boise VA Medical Center, the United States is substituted as the Defendant in this civil action.

8.      Jurisdiction is proper as jurisdiction is exclusive, for tort actions brought against the United States of America under the FTCA, in the appropriate United States District Court based upon where the alleged acts and/or failures to act giving rise to the action occurred, in the instant case, the United States District Court for the District of Idaho. Venue is proper as an action brought under the FTCA may be prosecuted in the judicial district in which the plaintiff resides or the

judicial district in which the act or omission complained of occurred, in the instant case, the United States District Court of Idaho at Boise.

## OPERATIVE FACTS

9      On February 25, 2016, Dr. Roser performed a left ankle replacement, a left gastrocnemius lengthening, a left fibular osteotomy, and a left lateral ligament and peroneal tendon repair on Mr. Progar.

10.     Mr. Progar began to have pain on the medial aspect of his left ankle. As a result, Dr. Roser performed a second surgery on the left ankle on October 26, 2017, where he performed an open reduction, internal fixation of a stress fracture on the medial malleolar area as well as debridement of the left ankle gutter and posterior tendon debridement.

11.     As time went on, Mr. Progar developed progressively worsening ankle pain synovitis with loosening of the implant.  As a result, Dr. Roser performed a left revision ankle replacement using the in-bone ankle replacement and jigs on October 2, 2020. During this surgery, pins were placed into the calcaneus to hold the cutting blocks in place.

12.     Immediately postoperatively Mr. Progar started to complain of significant numbness on the plantar surface of his foot. Initially the numbness covered the entire plantar surface of his foot. Over time Mr. Progar complained of numbness only on the lateral side of his foot; however, he found that this caused gait disturbances because of walking on a numb lateral side of his foot. Mr. Progar was seen by his primary care physician as well as Dr. Roser for these ongoing complaints.

13.     Because of the ongoing complaints since October 2, 2020, Mr. Progar subsequently underwent EMG and nerve conduction study which showed that the peroneal nerve was abnormal which would be consistent with multiple surgeries to the anterior ankle; however, both the lateral

and medial plantar nerves were not responsive at the level of the ankle on the nerve conduction study.

14. Because of the ongoing symptoms of numbness, tingling and pain along the medial side, Dr. Roser eventually performed a left tarsal tunnel surgery on September 24, 2021.

15. Dr. Roser performed the tarsal tunnel release and noted that the medial branch of the plantar nerve was under compression; however, the lateral plantar nerve had been transected. Dr. Roser's stated in the medical record that this occurred because of the nerve being "transected from a pin placed in a prior surgery during the revision ankle replacement." In addition, Dr. Roser stated multiple times in his operative note that the nerve was most likely transected from a pin placed during the revision ankle replacement.

16. Dr. Roser was unable to do anything for this and he allowed it to remain in a hemitransected appearance as repair of the nerve would not be possible.

## COUNT I
## NEGLIGENCE OF STEVEN E. ROSER, M.D.

17. Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and Plaintiff further complains and says as follows:

18. At all times relevant hereto, Dr. Roser was a deemed federal employee who was acting within the course and scope of his employment at the Boise VA Medical Center.

19. The standard of care required Dr. Roser to place the pins in Mr. Progar's calcaneus during the October 2, 2020, ankle replacement surgery in such a manner as to not injure Mr. Progar's nerves.

20. Dr. Roser breached the standard of care in relation to his treatment of Mr. Progar by place the pins in Mr. Progar's calcaneus and transecting the lateral branch of the planter nerve.

21.     As a direct and proximate result of Dr. Roser's acts and/or failures to act and negligence in transecting his nerve, Mr. Progar has suffered permanent injuries to his person including but not limited to an absence of proprioception causing gait disturbance because of the numbness and lack of sensation on the lateral side of the foot; chronic pain on the medial side of the ankle where the nerve itself was transected; difficulty wearing shoes or anything that puts compression on the medial side of the foot; chronic swelling; lack of feeling on the bottom of the foot which causes Mr. Progar to often roll the ankle or the ankle to give out especially on uneven surfaces.

22.     As a direct and proximate result of Dr. Roser's acts and/or failures to act and negligence in transecting his nerve, Plaintiff's foot fails to push off properly when walking and does not roll properly as it lands during the stepping process.  He attempts to alleviate this walking pain by wearing deep cushioned shoes.  Furthermore, the damage done by Dr. Roser's breach of the standard of care prevents neurological signals to reach Plaintiff's calf muscle creating a peg leg or post-like maneuver as Plaintiff walks.  The aforesaid damage prevents Plaintiff's left leg to maneuver in sync with his right leg – the left leg fails to keep up with the right leg's swing.  This lack of synchronized gait requires Plaintiff to overcompensate with his right leg movement which eventually causes significant pain in Plaintiff's right hip and down his right leg.

22.     As a direct and proximate result of Dr. Roser's acts and/or failures to act and negligence in transecting his nerve, Mr. Progar now wears high top boots or bracing to feel more stable.

23.     As a direct and proximate result of Dr. Roser's acts and/or failures to act and negligence in transecting his nerve, Mr. Progar has suffered and will continue to suffer pain and suffering, including mental and emotional distress into the future.

24.     As a direct and proximate result of Dr. Roser's acts and/or failures to act and negligence in transecting his nerve, Mr. Progar has suffered and will continue to suffer a loss of enjoyment of life in the future.

25.     Mr. Progar's course could have been avoided had he been appropriately treated within the standard of care by Dr. Roser.

WHEREFORE, Plaintiff demands compensatory damages from the United States of America in an amount to be determined by the Court, not more than the sum-certain demand contained within the SF-95 previously presented to VA. Plaintiff further demands post-judgment interest and any other damages permitted under Federal Tort Claims Act.  Plaintiff further demands any other relief, deemed fair and just, which he may be entitled to receive.

PLAINTIFF DEMANDS A BENCH TRIAL.

                                            **ROBERT ALLEN PROGAR,**
                                            **Plaintiff,**

*Michelle R. Points*
_____
Michelle R. Points (ID Bar # 6224 )
**POINTS LAW, PLLC**
199 N. Capitol Blvd. - Suite 200
Boise, Idaho 83702
Phone: (208) 287-3216
Fax: (208) 629-2157
mpoints@pointslaw.com

*To be admitted Pro Hac Vice:*
R. Dean Hartley (WV Bar #1619)
Mark R. Staun (WV Bar #5728)
**HARTLEY LAW GROUP, PLLC**
7 Pine Avenue
Wheeling, West Virginia  26003
Phone: (304) 233-0777
Fax: (304) 233-0774
dhartley@hartleylawgrp.com
mstaun@hartleylawgrp.com